UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>TC GLOBAL, INC.<br>                              Debtor.<br>-----------------------------------------------------------<br><br>GLOBAL BARISTAS LLC, a Washington limited liability company,<br><br>                              Plaintiff,<br><br>           v.<br><br>DK RETAIL CO., LTD., et al.,<br><br>                              Defendants. | CASE NO. 2:14-CV-00205-RSM<br><br>Bankr. Case No. 12-20253-KAO<br>Adv. Proc. No. 13-01585-KAO<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW THE REFERENCE** |

   THIS MATTER comes before the Court upon Motion to Withdraw the Reference by Plaintiff Global Baristas, LLC ("Global Baristas"). Dkt. # 1. Having considered the memoranda filed in support of and in opposition to the motion and the remainder of the record, the Court denies Plaintiff's Motion for the reasons stated herein.

**FACTUAL AND PROCEDURAL BACKGROUND**

   On October 10, 2012, debtor TC Global, Inc. ("TC Global"), operating formerly as Tully's Coffee, filed a Chapter 11 bankruptcy in order to conduct a going concern sale of substantially all

ORDER DENYING WITHDRAWAL OF REFERENCE - 1

1  of its assets free and clear of liens. *See In re TC Global, Inc.*, No. 12-20253 KAO, Dkt. # 376. On
2  January 18, 2013, the Bankruptcy Court entered a Sale Order which, among its provisions,
3  approved sale of the debtor's assets free of liens and encumbrances and authorized assumption and
4  assignment of executory contract. *Id.* at Dkt. # 227; *see also* Dkt. # 1-10 (the "Sale Order"). The
5  Sale Order authorized and directed TC Global to consummate the sale of assets pursuant to and in
6  accordance with an attached Asset Purchase Agreement ("APA"). *Id.* at ¶ 3.
7      At issue in the instant adversary proceeding is the effect of the Sale Order on pre-
8  bankruptcy licenses. Specifically, in October 2007, TC Global granted a license (the "TCAP
9  License") to Defendant Tully's Coffee Asia Pacific, Inc. ("TCAPI"), an entity formed by TC
10 Global, granting TCAPI exclusive rights to use the Tully's brand and associated intellectual
11 property in designated territories through Asia, excluding Japan. Dkt. # 1-2, ¶ 4. In December
12 2007, TCAPI became the general partner of Defendant Tully's Coffee Asia Pacific Partners, LP
13 ("TCAPPLP"), and the two entities entered into an agreement by which TCAPI assigned to
14 TCAPPLP the rights under the TCAP License. *Id.* at ¶ 5. In 2009, subsequent to the grant and
15 assignment of the TCAP License, TC Global entered into a series of transactions with Green
16 Mountain Coffee Roasters, Inc. ("GMCR"). Pursuant to these agreements, TC Global transferred
17 intellectual property to GMCR and received back the rights to use the intellectual property,
18 including the "Tully's" brand. *Id.* at ¶¶ 7-9. Plaintiff asserts that sublicense agreements, including
19 the TCAP License, were made dependent upon this "license back" agreement by GMCR such that
20 upon termination of that agreement, all rights granted by TC Global to its sublicensees would also
21 immediately terminate. *Id.* at ¶ 8. Defendant Tully's Coffee International PTE Ltd. ("TCI"), an
22 entity formed by TCAPPLP, later entered into master licenses agreements with Defendants DK
23 Retail Co. Ltd. ("DK Retail") and Agrinurture Inc. ("ANI"), authorizing the right to use the
24 "Tully's" brand and other intellectual property in South Korea and the Republic of the Philippines,
25 respectively. *Id.* at ¶¶ 10 and 11. Global Baristas has also entered into agreements with GMCR to
26 obtain rights to use the Tully's brand and affiliated intellectual property. Dkt. # 1-2, ¶ 22.

ORDER DENYING WITHDRAWAL OF REFERENCE - 2

On October 18, 2013, Global Baristas commenced the instant Adversary Proceeding in King County Superior Court against DK Retail, ANI, TCAPI, TCAPPLP, and TCI. Dkt. # 1-2, Ex. A ("Compl."). The Complaint seeks declaratory judgment that all rights under the TCAP License, DK Retail License, ANI License, and other subsidiary licenses have been terminated by the Sale Order, as well as injunctive relief to preclude further use by Defendants of the "Tully's" brand and related intellectual property. *Id.* at pp. 13-15. TCAPPLP and TCI removed the Complaint to Bankruptcy Court, which denied Global Baristas' motion to remand on January 9, 2014. *Id.* at Dkt. B.  On November 26, 2013, TCAPPLP and its limited partner Asia Food Culture Management PTE Ltd. ("AFCM") filed a suit in Bankruptcy Court, Adv. No. 13-01579, asserting claims for declaratory and injunctive relief that are the mirror image of those asserted in the instant adversary proceeding. *See* Dkt. # 1-5.

At issue in both adversary proceedings is the possible conflict between various provisions of the Sale Order, including paragraphs 10 and 11. Paragraph 10 terminates the license agreement between GMCR and TC Global. Dkt. # 1-10, p. 15, ¶ 10. Paragraph 11 authorizes and directs TC Global to assume and assign to Global Baristas "Assumed Executory Contracts," which are set forth in Exhibit B to the Sale Order. *Id.* at p. 10, ¶ S.2; *Id.* at p. 16, ¶ 11. Among the delineated Assumed Contracts is the "Tully's Coffee Exclusive License Agreement" with "Tully's Coffee Asia Pacific, Inc/Tully's Coffee Asia Pacific Partners, LP." *Id.* at Ex. B, p. 3. This same agreement is also listed in Schedule 2.2 of the APA, which similarly provides that TC Global shall assume and assign to Global Baristas all Executory Contracts set forth on Schedule 2.2. *Id.* at Ex. A, § 2.2 & Schedule 2.2.

Despite the pendency of the mirror-image adversary proceeding in Bankruptcy Court, Global Baristas through the instant Motion seeks the withdrawal of the reference of the instant adversary proceeding, contending that the Bankruptcy Court lacks jurisdiction to enter final judgment.

ORDER DENYING WITHDRAWAL OF REFERENCE - 3

Case 2:14-cv-00205-RSM   Document 12   Filed 11/21/14   Page 4 of 7

**DISCUSSION**

It is undisputed that the instant adversary proceeding either arises in or relates to a case under Title 11. *See* Dkt. # 1, p. 8. As such, it is automatically referred to a bankruptcy judge, who is empowered to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." LCR 87; 28 U.S.C. § 157(b)(1). If a proceeding is not a core proceeding, as defined under the Bankruptcy Code, 28 U.S.C. § 157(b)(2), but is "otherwise related to a case under title 11," the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, which shall enter final order and judgment upon *de novo* review. 28 U.S.C. § 157(c). On its own or on timely motion, the district court may withdraw any referred proceeding for cause shown. 28 U.S.C. § 157(d).

In determining whether cause exists to withdraw the reference under § 157(d) of the Bankruptcy Code, courts consider: "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms v. International Broth. of Teamsters, Chauffer, Warehousemen, & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures, Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). Questions of efficiency and uniformity turn largely on the district court's evaluation of whether the claim is "core" or "non-core." *In re Orion*, 4 F.3d at 1101; *Sec. Farms*, 124 F.3d at 1008 (considering whether non-core issues predominate). The motion to withdraw must also be "timely," that is filed "as promptly as possible in light of the developments in the bankruptcy proceeding," *Sec. Farms*, 124 F.3d at 107 n. 3, though the court may still withdraw a reference "on its own motion" at any time. 28 U.S.C. § 157(d); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 805 (9th Cir. 1991).

Upon consideration of the relevant factors, the Court finds that cause does not exist to withdraw the reference of this proceeding. In particular, withdrawal of this proceeding will be markedly inefficient. First, it hinges on interpretation of a Sale Order entered by the Bankruptcy Court from which Global Baristas wishes to wrest jurisdiction. There can be no question that the

ORDER DENYING WITHDRAWAL OF REFERENCE - 4

Bankruptcy Court is the judicial body most familiar with the Order and issues underlying this proceeding. In addition, withdrawal of this proceeding would result in two mirror-image actions proceeding before different courts. Beyond constituting a waste of judicial resources, this anomalous circumstance could result in inconsistent determinations of rights and obligations. By contrast, maintaining this proceeding in Bankruptcy Court allows for the uniform adjudication of the two closely related proceedings. It also prevents Global Baristas' rather transparent attempt to shop for another forum following its unsuccessful attempt to secure adjudication in state court.

The Court disagrees with Global Baristas that the Bankruptcy Court lacks statutory and constitutional authority to enter final judgment in this adversary proceeding. The Ninth Circuit has affirmed that bankruptcy courts possess "corollary jurisdiction to interpret and enforce their own orders carrying out the provisions of the Bankruptcy Code" and that such proceedings are properly classified as "core." *In re Karykeion, Inc.*, 2013 WL 1890626, *3 (9th Cir. 2013). The Sale Order at issue here was entered in a Title 11 case, involving the application of powers under the Bankruptcy Code to adjust creditor rights under 11 U.S.C. § 363 (authorizing sale or estate property "free and clear of liens) and 11 U.S.C. § 365 (authorizing the rejection, assumption, or assumption and assignment of executory contracts). Notwithstanding Plaintiff's attempt to characterize it as a run-of-the-mill state law contract dispute, the instant proceeding, like *In re Karykeion*, stems from and turns on interpretation of this Sale Order. Examination of its terms, as provided *supra*, and the very fact of this adversary proceeding contradicts Plaintiff's assertion that there is nothing about the Order that requires interpretation or presents potential contradiction. This proceeding is quintessentially one that belongs before the Bankruptcy Court. *See also In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986) ("[B]ankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner."); *In re Traveler's Indem. Co.*, 557 U.S. 137, 151 (2009) (holding that "the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders").

Global Baristas has failed to show that the Bankruptcy Court lacks constitutional authority to adjudicate this proceeding because it does not involve a matter of public rights. The cases on which it relies are distinguishable, as they concern prototypical state law claims that did not derive from or depend on the federal bankruptcy scheme. *Cf. Stern v. Marshall*, 131 S.Ct. 2594 (2011) (bankruptcy judge may not enter final judgment on a state law tortious interference counterclaim); *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553 (9th Cir. 2012), affirmed by *Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165 (2014) (bankruptcy courts lack constitutional authority to enter final judgment on fraudulent conveyance action, at least absent waiver); *In re Ray*, 624 F.3d 1124, 1131 (9th Cir. 2010) (proceeding did not arise under the bankruptcy code where it instead arose out of sellers' "purported failure to comply with the right of first refusal"). Instead, this proceeding "arises under" the Bankruptcy Code in that it involves exercise of the powers created through the Bankruptcy Code to sell assets free and clear of liens and to assume or reject executory contracts. *See id.*; 11 U.S.C. §§ 363, 365. Unlike the cases on which Plaintiff relies, this proceeding could not have existed but for Bankruptcy Code provisions. And unlike those controversies, the instant dispute falls within the bankruptcy court's "ancillary jurisdiction….to vindicate its authority and effectuate its decrees." *In re Ray*, 624 F.3d at 1130 (internal quotation omitted).

**CONCLUSION**

For the foregoing reasons, the Court hereby ORDERS that Plaintiff's Motion to Withdraw the Reference (Dkt. # 1) is DENIED. This withdrawal proceeding shall be CLOSED.

Dated this 21st day of November 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**ERROR! NO TEXT OF SPECIFIED STYLE IN DOCUMENT.** - 1
CASE NO. Adv. Proc. No. 13-01585-KAO

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

4820-0497-2568.v1